IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1208-RGA |
| DR. FREDERICK V. BAUER, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

Joshua Meyerhoff, Esq. Counsel for Defendant Nanticoke Memorial Hospital.

**MEMORANDUM OPINION**

November 19, 2018
Wilmington, Delaware

*signature: Richard G. Andrews*
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis* filed this action on August 8, 2018. (D.I. 2). He asserts jurisdiction by reason of a federal question. The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has also filed a motion for default judgment, opposed by Defendant Nanticoke Memorial Hospital. (D.I. 5, 6).

## BACKGROUND

Defendants are Nanticoke Memorial Hospital, Dr. Bauer, Dr. Hay, RN Seipp, and Ms. Workman. At some unspecified time, according to the Complaint, "Dr. Bauer and other Defendants confessed that they are 'going to murder [Plaintiff]." (D.I. 2 at 5). Other than that reference to Dr. Bauer, Defendants are not mentioned by name except in the case caption.

In the Complaint, Plaintiff raises claims similar to those in other cases he filed in this Court against different defendants. Plaintiff complains of actions between 2015 through 2017. (D.I. 2 at 3). Plaintiff alleges "misdiagnosis and intolerable poisonings constitut[ing] cruel and unusual punishment," and "mental health mistreatment coincid[ing] with [lifelong] abuse, assault, attempted murder and rape by the medical staff, state actors, and agents." (*Id.*). Plaintiff alleges Defendants' actions have prevented him from owning a firearm in violation of the Second Amendment, and Defendants falsified Plaintiff's records in violation of the Thirteenth Amendment. (*Id.*). He alleges the "diagnosis of illiteracy and insanity hinder" his First Amendment rights to

freedom of speech and religion. (*Id*.). Plaintiff invokes his Seventh Amendment right to a jury trial. (Id.).

Plaintiff provides his biography beginning in the first grade through adulthood. (*Id*. at 5-6). Plaintiff alleges that his "condition was maliciously made[, a] known falsehood, schizophrenia. Symptoms of the disease were that [Plaintiff] 'delusionally' believe[s] that Linda C. Jones is not [Plaintiff's] birth mother," in violation of 18 U.S.C. § 1035. (*Id*. at 6). Plaintiff alleges that schizophrenia can be detected by a brain scan, but Defendants did not conduct a scan. (*Id*.). Plaintiff alleges that "on his own," he paid to scan his brain for schizophrenia and other mental illness. (*Id*.). The results indicate that he has a disease free and healthy brain. (*Id*.). Plaintiff alleges Defendants were provided with this evidence and expert testimony from a psychiatrist but continue with their diagnosis and medications. (*Id*. at 6-7).

Plaintiff alleges Defendants attempted to murder him and assaulted him on three or more occasions. (*Id*. at 12). He alleges they have hindered his "ability to speak freely, work, and have a reputation," in violation of his First Amendment rights. (*Id*.). Plaintiff alleges Defendants have violated numerous federal criminal statutes. (*Id*. at 13-15). He seeks two billion dollars in damages. (*Id*. at 17).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court

2

must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than

simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Screening of Complaint.** Plaintiff alleges violations of his constitutional rights. To the extent the claims are raised pursuant to 42 U.S.C. § 1983, the claim fails as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

There are no allegations that any Defendant is a state actor. The Court takes judicial notice that Nanticoke Memorial Hospital is a non-profit community hospital. *See* http://www.nanticoke.org/about-us/mission-vision/ (Oct. 16, 2018). While not

4

clear, it seems that the individual Defendants all provided some type of medical care to Plaintiff, presumably at Nanticoke Memorial Hospital. However, the Complaint is silent regarding when, where, or what type of care was provided to Plaintiff by any Defendant. To the extent Plaintiff intends to raise § 1983 claims, they fail as a matter of law and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The Amended Complaint refers to numerous criminal statutes. (D.I. 2 at 13-15). To the extent that Plaintiff seeks to impose criminal liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. See Allen v. Administrative Office of Pennsylvania Courts, 270 F. App'x 149, 150 (3d Cir. 2008); see United States v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. See United States v. Batchelder, 442 U.S. 114, 124 (1979). Therefore, the criminal claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Complaint also refers to the Mental Health Bill of Rights, 42 U.S.C. § 9501. Numerous court have determined that the Mental Health Bill of Rights, 42 U.S.C. § 9501, does not create a private right of action. See e.g., N.A.M.I. v. Essex Cty. Bd. Of Freeholders, 91 F. Supp. 2d 781, 786 (D.N.J. 2000) ("This Court agrees with the Court of Appeals for the First Circuit and the District Court for the Eastern District of Pennsylvania that the Restatement of Bill of Rights for Mental Health Patients does not create any judicially enforceable rights or duties."); see also, Merryfield v. Schearrer, 2008 WL 4427656, at *6 (D. Kan. Sept. 25, 2008); Semler v. Finch, 2008 WL 4151825,

5

at *9 (D. Minn. Sept. 3, 2008), aff'd, 333 F. App'x 156 (8th Cir. 2009); Benge v. Pounds, 2008 WL 384567 at *3 (D. Colo., Feb. 7, 2008) ("Nothing in the language of the statute indicates an intent by Congress that the 'Restatement of Bill of Rights for Mental Health Patients' should create a private cause of action."); Green v. Lichtcsien, 2001 WL 78915, *3 (N.D. Ill. Jan. 26, 2001). The Court follows this line of reasoning. Because there is no private right of action under § 9501, the claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, the allegations are conclusory and at times delusional. The Court's experience and common sense lead it to recognize that the Complaint does not state a facially plausible claim for relief. See Iqbal, 556 U.S. at 679. It may be that Plaintiff may be able to allege claims under state law. As pled, the Complaint fails to allege any federal violations or state law claims. And, given that all federal claims will be dismissed, I exercise my discretion not to hear any potential state law claims. Therefore, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court finds amendment futile as to all claims other than the § 1983 claim. Although it does not appear that Defendants are state actors, and there are no individual allegations sufficient to proceed against any of them, perhaps Plaintiff could make such allegations if given another opportunity.

**Motion for Default Judgment.** Plaintiff moves for default judgment. (D.I. 5). He contends default judgment is proper because the case was opened on August 15, 2018, Defendants were served, and they have not responded. The docket does not

6

reflect any indication that Defendants have been served. In addition, there has been no entry of default.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55. A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter ... the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Here, there has been no entry of default. Therefore, the Court will deny the motion for default judgment.

## CONCLUSION

For the above reasons, the Court will: (1) deny the motion for default judgment (D.I. 5); and (2) dismiss the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i) & (ii). The Court finds amendment futile except as noted.

An appropriate order will be entered.