IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1208-RGA |
| DR. FREDERICK V. BAUER, et al., | : |
| Defendants. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 14, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on August 8, 2018. (D.I. 2). He asserts jurisdiction by reason of a federal question. The Court dismissed the original Complaint following screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff was given leave to amend only as to claims raised under 42 U.S.C. § 1983. (D.I. 8 at 6; D.I. 9). Plaintiff timely filed an Amended Complaint. (D.I. 10). The Court proceeds to review and screen the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

As discussed in the Court's November 19, 2018 Memorandum Opinion, Plaintiff raises claims similar to those in other cases he filed in this Court against different defendants. Plaintiff complains of actions between 2015 through 2017. (D.I. 10 at 3). The Amended Complaint alleges that Plaintiff has been: (1) held against his will and confined in violation of the Eighth Amendment; (2) erroneously injected with "life-threatening medications" in "life-threatening doses" in violation of the Eighth Amendment; (3) forced to swallow anti-psychotic medications when he does not suffer from a psychotic disease; (4) diagnosed with a "stigmatized mental disease that involves eating waste, delusions, hallucinations, and illiteracy" in violation of the Thirteenth Amendment; and (5) defrauded by the medical profession and legal system who work "in stolen, forged, and shared identities." (D.I. 10 at 4-10).

As he did in the original Complaint, Plaintiff raises claims under federal criminal statutes, refers to the Mental Health Bill of Rights, and 42 U.S.C. § 1983. (*Id.* at 3, 6-

12). The Amended Complaint also mentions 42 U.S.C. § 1985 and refers to Delaware law. (*Id.* at 3, 5). Plaintiff seeks two billion dollars in damages. (*Id.* at 14).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## DISCUSSION

Plaintiff was given leave to amend only as to claims raised under § 1983. (D.I. 8 at 6). He realleges and attempts to reinstate other dismissed claims. Plaintiff was not given leave to do this. Regardless, the allegations are frivolous.

In an attempt to raise claims under § 1983, Plaintiff alleges violations of his constitutional rights under the Eight and Thirteenth Amendments. Once again, the § 1983 claims fail as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

The Amended Complaint does not describe Defendants other than to state, "As a private industry, the hospital and the other defendants are guilty of procedural errors." (D.I. 10 at 6). A few pages later, the Amended Complaint states, "As a State Actor, under Civil Rights Title 42 SS 1983, the Defendants acted on the illegal wills and violent intentions of the unqualified Identity Thieves working for the state police." (*Id.* at 8). The Amended Complaint goes on to describe the requirements for employment as a state police officer. However, neither the Delaware State Police nor its officers are named defendants.

There are no allegations that any Defendant is a state actor. As previously noted, Defendant Nanticoke Memorial Hospital is a non-profit community hospital. *See* http://www.nanticoke.org/about-us/mission-vision/ (Oct. 16, 2018). And again, while not clear, it seems that the individual Defendants are two doctors, a nurse, and a fourth

person, the first three of which provided some type of medical care to Plaintiff. A state actor is a necessary element when attempting to raise a claim under § 1983 claim.

To the extent Plaintiff attempts to raise a claim under 42 U.S.C. § 1985 that speaks to conspiracy, that claim too fails. Section § 1985 is mentioned once in the Amended Complaint. (D.I. 10 at 3). The Supreme Court has interpreted § 1985(3) and the second clause of § 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). It is a well-settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726. The one reference to § 1985 falls far short of alleging a conspiracy claim. Plaintiff does not mention the word conspiracy. More importantly, he fails to allege any facts from which one could infer an agreement or understanding among Defendants to violate his constitutional rights, or to discriminate against him under § 1985.

Plaintiff did not cure his pleading deficiencies when he filed the Amended Complaint. All federal claims raised fail as a matter of law and will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, as this Court has noted in the past, the allegations are conclusory, somewhat delusional, and the Court's experience and common sense, lead it to recognize that the Complaint does not state a facially plausible claim for relief. *See Iqbal*, 556 U.S. at 679. As pled, the Amended Complaint fails to allege any federal

5

violations or state law claims. And, given that all federal claims will be dismissed, I exercise my discretion to dismiss any potential state law claims. Therefore, the Amended Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court finds amendment futile. Plaintiff was given an opportunity to amend, and his amended complaint is no closer to a plausible complaint than his original complaint. It is apparent that Plaintiff cannot make a plausible allegation that the medical providers at a community hospital are state actors, and providing another opportunity to do so would be pointless.

## CONCLUSION

For the above reasons, the Court will dismiss the Amendment Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.